## THE PEOPLE OF THE STATE OF NEW YORK ex rel. WILLIAM SERVEN, Respondent, v. DANIEL D. DE-MAREST, County Treasurer of Rockland County, Appellant.

*Board of supervisors—cannot control drawing of drafts, by superintendents of the poor.*

The board of supervisors of a county has no power to direct the county treasurer not to pay, out of the poor funds, any draft drawn by the superintendents of the poor to their own order or to the order of either of them, nor to direct him not to pay any draft, unless the object for which the money is to be paid be specified therein.

APPEAL from an order, made at Special Term, directing a peremptory mandamus to issue, compelling the respondent to pay a draft drawn by the relator.

The relator is one of the superintendents of the poor of the county of Rockland, and on the 8th day of April, 1878, his co-superintendents, Richard B. Marks and James Coates, made a draft in his favor on D. D. Demarest, county treasurer of Rockland county, for $27.11, without stating the object or purpose for which the money was to be used. This draft the county treasurer declined to pay, as he had been directed by a resolution of the board of supervisors not to pay any drafts of the superintendents of the poor, unless the object for which the draft was made was stated, and not to pay any orders drawn by said superintendents to the order of themselves, or to the order of either one of them, and also as said board had resolved and notified him that he would not be allowed, on the auditing of his accounts, any sums paid out by him unless they were paid in accordance with such resolutions. Upon such refusal the relator, William Serven, moved for a mandamus to compel the said county treasurer to pay the draft, and from the order made at Special Term granting such mandamus this appeal is taken.

*Andrew Fallon*, for the appellant.

*John C. T. Smidt*, for the respondent.

BARNARD, P. J.:

The only question presented by this appeal is, whether the board of supervisors have any power to regulate the manner in which the superintendent of the poor shall draw the moneys in the hands of the county treasurer for the support of the poor. William Serven, Richard B. Marks and James Coates are superintendents of the poor in Rockland county. Defendant is county treasurer. In April of this year (1878,) the board of supervisors directed the county treasurer not to pay any draft from the superintendents, payable to their own order, or to the order of either of the superintendents, out of the poor funds, nor to pay any draft unless the object for which the money was

to be paid was specified in the order. The draft in question is payable to the order of one superintendent, and signed by the other two, and does not specify the object for which the money is to be used. We think the supervisors exceeded their powers. The superintendents are a corporation, with the ordinary powers of a corporation, for public purposes. (1 R. S., 617, § 16.)

Among the duties they are required to do is the purchase of furniture, implements and materials for the support of the poor. (1 R. S., 617, § 16, sub. 4.) " They are empowered to draw from time to time, on the county treasurer, for all necessary expenses incurred in the discharge of these duties, which drafts shall be paid by him out of the moneys placed in his hands for the support of the poor."

The superintendents give security that they will render a true account of all moneys received and expended, to the supervisors, and the supervisors audit the account. It will be seen that the superintendents are an independent board. They can purchase independently, and draw moneys from the county treasury independently. The expenditure is to be submitted to the board of supervisors. If after the settlement of the accounts there is any sum *due* to the people from the superintendents, the bond would be enforced.

The order should be affirmed, with costs.

GILBERT, J., concurred; DYKMAN, J., not sitting.

Order affirmed, with costs and disbursements.